**Barbara Reynolds LOUWIEN, Relator,**

v.

**Hon. Greer DOWELL, Respondent.**

**No. 21175.**

Court of Civil Appeals of Texas, Dallas.

Feb. 26, 1976.

Marvin L. Levin, Levin, Weinberg & Levin, Dallas, for appellant.

GUITTARD, Justice.

Relator has moved for leave to file a petition for writ of mandamus ordering Hon. Greer Dowell, Judge of Domestic Relations Court No. 2 of Dallas County, Texas, to sign and enter a written judgment embodying the terms of an oral judgment pronounced from the bench, and further ordering him to set aside a subsequent order granting a new trial. The motion is overruled.

Relator avers that Judge Dowell orally rendered a judgment from the bench on September 19, 1975, dissolving the marriage of relator and Wilfred Henry Louwien and approving an agreed property settlement. The record shows, however, that the oral judgment was never embodied in a signed written order. After the oral judgment was rendered, respondent Wilfred Henry Louwien employed new counsel and contested relator's motion for entry of a written judgment. At a hearing on October 20, 1975, Judge Dowell denied relator's motions, set aside the previous judgment, and

**422**

granted a new trial on the merits. A written order to this effect was signed on December 23, 1975.

■ In support of the petition for mandamus relator cites *Dunn v. Dunn,* 439 S.W.2d 830 (Tex.1969) for the proposition that the pronouncement by the court from the bench is effective as rendition of judgment in settlement of the rights of the parties. We agree that such a pronouncement is a valid judgment so long as it is not set aside. However, the court has power to set aside its judgment so long as the time for filing a motion for new trial has not expired. Tex.R.Civ.P. 306a provides:

> In determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge as stated therein.

Under this rule, the Supreme Court has held that the date of signing of the judgment or order is the date from which the time to file a motion for new trial or to appeal is measured. Within thirty days after that date, the judge may on his own motion set aside the judgment and grant a new trial. *Ex parte Godeke,* 163 Tex. 387, 355 S.W.2d 701 (1962). A fortiori, he may grant a new trial or otherwise change his judgment at any time if no written judgment has been signed. *Canales v. Salinas,* 288 S.W.2d 207, 209 (Tex.Civ.App.—San Antonio 1956, writ dism'd). Consequently, Judge Dowell's order setting aside his previous oral judgment was a matter of judicial discretion which cannot be controlled by mandamus.

Leave to file the petition for mandamus is denied.