**Opinion issued November 3, 2022**



In The

# Court of Appeals

### For The

## First District of Texas

_____

### NO. 01-21-00466-CR

_____

## IN RE SEAN POWERS, IN HIS OFFICIAL CAPACITY AS AN ASSISTANT DISTRICT ATTORNEY WITH THE HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

In this original mandamus proceeding, relator, Sean Powers, a Harris County Assistant District Attorney, challenges the trial court's June 25, 2021 order requiring him to show cause why he should not be held in contempt.[1] Relator also filed a

---

[1] The underlying case is *Ex parte Powers, Sean Jeffrey Valenzuela*, cause number 2364645, pending in County Criminal Court at Law No. 8, the Honorable Franklin Bynum presiding.

motion to stay the trial court's order pending our disposition of this petition. This Court granted relator's motion for emergency relief and stayed the show cause order and contempt proceedings. We requested a response from the respondent, but none was filed.

Because the trial court failed to give relator adequate notice and relator lacks an adequate remedy by appeal, we conditionally grant the petition for writ of mandamus and order the trial court to vacate its June 25, 2021 show cause order.

**Background**

An individual named Gregory Massenburg was charged on June 13, 2021 with the misdemeanor offense of terroristic threat because he allegedly threatened to kill a family member. After he was arrested, Massenburg was brought before a magistrate who found probable cause for further detention, set bond in the amount of $100, and signed a protective order on June 14, 2021, prohibiting Massenburg from coming within 200 feet of the complainant's residence.

On June 18, 2021, after the case was assigned to Harris County Criminal Court at Law No. 8, the trial court reversed the magistrate's probable cause determination. The trial court signed an order finding that probable cause for further detention did not exist and ordered Massenburg discharged. That same day, the trial court made handwritten amendments to the protective order, striking through the provision

prohibiting Massenburg from coming within 200 feet of the complainant's residence. The email attached to the amended protective order in the mandamus appendix indicates that the amended order was transmitted successfully to the Houston Police Department on June 18, 2021 at 2:38 p.m.

Later that same day (June 18), Harris County Sheriff Deputy Decatur noted that Massenburg contacted the Harris County Sheriff's Office at approximately 2:13 p.m. and requested a unit to come to the complainant's residence. Massenburg admitted to Deputy Decatur that there was a protective order in effect. The sheriff contacted relator who advised the sheriff that if deputies arrived at the scene and found Massenburg within 200 feet of the complainant's residence, then Massenburg would be in violation of the protective order and relator would accept a charge of violation of a protective order. Massenburg was arrested and transferred to the joint processing center where he was charged with the offense of violation of a protective order, specifically that Massenburg was within 200 feet of the complainant's residence. A magistrate conducted a bail hearing on the violation of protective order charge, found probable cause, and set bail.

The case was then transferred to the same trial court as the original terroristic threat charge, and the trial court signed an order on June 25, 2021, finding no probable cause and ordered Massenburg discharged. On the same day, the trial court issued a "Precept to Serve" commanding the sheriff to serve relator with the precept,

3

which was marked "show cause order for contempt" and required relator to attend a hearing that same day. Relator appeared at the hearing with counsel.

At the hearing, relator informed the trial court that when he spoke with the sheriff, he was unaware of the trial court's recent handwritten amendments to the protective order striking through the provision prohibiting Massenburg from coming within 200 feet of the complainant's residence. Relator stated that a clerk in the district clerk's office told him that it took approximately 24 hours for an amended order to become available online.

During the hearing, the trial court stated:

Now here's the deal. You are going to be ordered to show cause. You can wait for Ivone to generate the document. You will be served with it today. Set bond at a dollar, right? You will get a personal bond. You are an officer of the Court, but you will answer for what appears to have happened here. And you know, I find you're in contempt of Court and sentence you to six months in jail. So consider this a criminal contempt warning, right? You have the right to remain silent. Now I will give you the chance at this time to waive that right to remain silent and say whatever you have to say to the Court. But the show cause proceedings will go on no matter what you say here today.

Relator apologized for any relay of misinformation but told the judge that, at the time of advising the sheriff that he would accept charges against Massenburg, he was unaware of any amendment to the protective order. Relator's counsel asked what action relator was in violation of, but the trial court stated that it would answer no questions.

4

The trial court signed a written show cause order on June 25, 2021, setting a hearing on July 16, 2021. The order stated:

> POWERS, SEAN JEFFREY VALENZUELA is hereby ORDERED to appear before this Court on 7/16/2021 at 11:00 am to show cause, if any he has, why he should not be held in contempt and punished for failing to abide by the ORDERS of this Court, to-wit: ON JUNE 18, 2021, THE COURT FOUND NO PROBABLE CAUSE IN CAUSE 2362939 THE STATE OF TEXAS V. GREGORY MASSENGBURG. ALSO ON THAT DATE, THE COURT AMENDED THE MAGISTRATE'S ORDER OF EMERGENCY PROTECTION, ORIGINALLY ISSUED ON JUNE 13, 2021. THE AMENDED DOCUMENT REMOVED THE PORTION [*sic*] ORDER THAT GREGORY MASSENBURG BE PROHIBITED FROM BEING WITHIN 200 FEET OF [complainant's residence] in HARRIS COUNTY, TEXAS
>
> ON JUNE 18, 2021, DEPUTY J. DECATUR OF THE HARRIS COUNTY SHERRIFF'S [*sic*] OFFICE CONTACTED THE HARRIS COUNTY DISTRICT ATTORNEY. THE DEPUTY SPOKE WITH RESPONDENT SEAN POWERS, WHO RELAYED FALSE INFORMATION TH [*sic*] in the above entitled and numbered cause.

The parties appeared on July 16, but the trial court signed a notice resetting the hearing until September 2, 2021. Because this Court stayed the trial court's contempt proceedings, the hearing set for September 2 has not occurred.

**Challenge to Show Cause Order**

Relator filed this mandamus petition challenging the trial court's June 25, 2021 show cause order, asking that we order the trial court to vacate the order because it fails to provide constitutionally-adequate notice. Relator also contends that the trial court's written show cause order failed to apprise relator of any

contemptuous action or to state whether the trial court intended to seek criminal contempt and a criminal penalty.

## A. Legal Principles

In a criminal mandamus, the relator must show that the act the relator seeks to compel is a ministerial act and that the relator lacks an adequate remedy by appeal. *See In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013).

Contempt is classified as constructive or direct contempt. Contempt that occurs in the trial court's presence is "direct contempt." *In re Reece*, 341 S.W.3d 360, 365 (Tex. 2011) (orig. proceeding) ("[C]ourt must have direct knowledge of the behavior constituting contempt."). Contempt that occurs outside the trial court's presence is "constructive contempt." *Id.* The alleged contempt in this case occurred outside the presence of the trial court and thus, the contempt involved here is constructive contempt.

Contempt may be further classified as civil or criminal. *See id.* Civil contempt is "remedial and coercive in nature," and the "contemnor carries the keys to the jail cell in his or her pocket since the confinement is conditioned on obedience with the court's order." *Id.* (quoting *Ex parte Werblud*, 536 S.W.2d 542, 545 (Tex. 1976) (orig. proceeding)). Criminal contempt is punitive in nature and involves punishment for "some completed act which affronted the dignity and authority of the court." *Werblud*, 536 S.W.2d at 545.

6

Although relator has not yet been held in contempt, the trial court's warning about a six-month jail sentence in the oral hearing indicates that the trial court intended to impose criminal contempt as punishment for relator's alleged violation of the amended protective order and the alleged relaying of false information to the sheriff that resulted in Massenburg's arrest and charge.

**B.  Oral and Written Show Cause Orders Provided Insufficient Notice**

To satisfy due process requirements, a show cause order "should state when, how and by what means the defendant has been guilty of contempt."  *Ex parte Vetterick*, 744 S.W.2d 598, 599 (Tex. 1988); *see also Ex parte Chunn*, 881 S.W.2d 912, 917 (Tex. App.—Houston [1st Dist.] 1994, no pet.).

In this case, relator was orally advised of the alleged show cause order during the June 25, 2021 hearing, and the trial court further stated:

> And you know, I find you're in contempt of Court and sentence you to six months in jail.  So consider this a criminal contempt warning, right?

The trial court appears to find relator in contempt and sentences him to six months in jail, but then states that this is just a warning.  To the extent this statement may be construed to be a finding that relator is in contempt and was sentenced to six months in jail, it indicates that the case involves criminal contempt, which "requires two types of notice:  timely notice by personal service of the show cause hearing, and full and unambiguous notice of the contempt accusations."  *In re Darnold*, No.

7

08-13-00257-CR, 2014 WL 2466113, at *7–8 (Tex. App.—El Paso May 30, 2014, orig. proceeding) (mem op.).

If the trial court's oral statements that it intended to find relator in contempt and sentence him to six months in jail constituted an attempted notice of a future show cause hearing, it was improper. "Verbal notice of a contempt hearing is inadequate." *Id.* at *8. In *Darnold*, the El Paso Court of Appeals granted mandamus relief and vacated a show cause order against three district attorneys where the district attorneys had not been served with written notice of show cause but were instead orally advised of show cause proceedings during a trial court hearing. *See id.* at *6. Thus, the trial court's oral notice of show cause in this case was inadequate.

The trial court's subsequent June 25, 2021 written show cause order alleged that relator failed to abide by the June 18, 2021 amended protective order and that relator relayed false information to the sheriff. The underlying order on which the show cause order relies is the amended protective order that removed the prohibition on Massenburg concerning his allowed proximity to the complainant's residence. The written show cause order stated that this violation occurred on June 18, 2021. Thus, the written show cause order does specify the order allegedly violated and the date of violation. But the show cause order does not explain how relator violated the amended protective order when that protective order is directed only at Massenburg's behavior and not at relator's behavior. Thus, the show cause order

8

failed to provide notice of what provision of the order relator allegedly violated and what contemptuous act he committed.

The show cause order's allegation of relaying false information does not specify when relator relayed false information, what information relator relayed, or how the information relayed by relator was false. And, although it charges relator with relaying false information, the show cause order does not explain (1) how this is a violation of the amended protective order, (2) what provision in the amended protective order was directed at relator, and (3) how relator's relaying of false information violated that provision of the order.[2] In addition to failing to provide adequate notice of how relator violated the amended protective order, the show cause order contains no proof of personal service on relator.

In short, the written show cause order fails to advise relator of what specific provision of the amended order he violated and how the relaying of allegedly false information violated a specific provision of the amended protective order. *See id.* at *7 (holding that constitutionally-inadequate notice was given to district attorney because notice contained no proof of personal service on district attorney, and no statement how order was violated, if violation was verbal or written, and what specific conduct constituted a violation). Accordingly, the relator has met his burden

---

[2] Although the written show cause order does not state that the order relator is charged with violating is attached, a copy of the amended protective order does follow the show cause order in the record.

of establishing that the trial court failed to afford relator the minimum requirements of due process before holding contempt proceedings that could potentially result in relator's loss of liberty. *See id.* at *8.

The written show cause order mentions additional conduct that could be construed as contemptuous—the relaying of false information to the sheriff. Although constructive contempt usually arises from violation of an order, "there are situations where a party or attorney to a suit could engage in behavior that may warrant a judgment of constructive contempt." *Reece*, 341 S.W.3d at 365–66. Examples of types of constructive contempt that do not involve violation of an order are an attempt to bribe prospective jurors, *see Ex parte Privitt*, 77 S.W.2d 663, 664 (Tex. 1934), and an attorney's failure to attend a hearing and trial, *see Ex parte Murphy*, 669 S.W.2d 320, 321 (Tex. Crim. App. 1983). "[A]n act must impede, embarrass, or obstruct the court in the discharge of its duties in order to constitute constructive contempt." *Reece*, 341 S.W.3d at 366.

The trial court in this case did not state in its show cause order that it was alleging constructive contempt concerning relator's behavior in relaying false information to the sheriff or that the relaying of false information somehow impeded, embarrassed, or obstructed the trial court's discharge of its duties. *See id.* As the court in *Darnold* held, "[t]he procedure employed by Respondent falls woefully short of the requirements of due process and amounts to no notice at all." 2014 WL

10

2466113, at *7. Thus, relator has met his burden of establishing that the trial court failed to give notice of (1) the specific provisions of the amended protective order that relator was charged with violating and (2) how his actions constituted contemptuous conduct. *See Darnold*, 2014 WL 2466113, at *7.

## C. No Adequate Remedy By Appeal

Relator is correct in stating that he has no adequate remedy to appeal the show cause order. The Texas Supreme Court has stated:

> Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.

*In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

Although relator has not yet been held in contempt, the trial court has clearly stated its intention to hold relator in contempt. And the trial court has failed to give relator adequate notice of how and when relator violated the provisions of the amended protective order which did not concern relator's behavior. Although relator could wait until he is found in contempt to challenge the trial court's actions, we, like the *Darnold* court, do not consider the provision for a *de novo* hearing found in Section 21.002(d) of the Texas Government Code to be an adequate remedy *See*

11

*Darnold*, 2014 WL 2466113, at *10 (discussing TEX. GOV'T CODE ANN. § 21.002(d) which permits court officer held in contempt to file motion for release pending determination of guilt or innocence by judge assigned by presiding judge of administrative judicial region). It was the respondent's duty to provide adequate notice of the contempt allegations and without that notice relator would be "in no better position in a *de novo* contempt hearing before another judge than he is in the contempt proceeding presently pending before Respondent." *Darnold*, at *10.

Granting mandamus relief in this case also presents us with the opportunity to spare "the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Prudential*, 148 S.W.3d at 136. If we failed to grant mandamus relief and permitted the trial court to go forward with its contempt proceedings, any contempt order entered would be void because inadequate notice of contempt allegations results in a void contempt order. *See Darnold*, at *6. Rather than permit the trial court to go forward and potentially enter a void contempt order, we conclude that the benefit of mandamus review at this point in the case outweighs any detriments. *See id.* at *11. Accordingly, we conclude that relator has no adequate remedy by appeal.

**Conclusion**

Because relator has established that he is entitled to mandamus relief, we conditionally grant the petition and order the trial court to vacate its show cause

12

order of June 25, 2021.  We are confident that the trial court will comply.  The writ will issue only if it does not.

                                    Richard Hightower
                                    Justice

Panel consists of Justices Kelly, Hightower, and Farris.

Do Not Publish.  TEX. R. APP. P. 47.2(b).

13