The STATE of Texas, Texas Parks and Wildlife Department, Appellants,

v.

ESTATE OF Joel HORTON, Deceased, Carrington D. Horton, and Clarice Horton, as Next Friend of Joel L. Horton, a Minor, Appellees.

No. 12–98–00313–CV.

Court of Appeals of Texas, Tyler.

July 29, 1999.

Jennifer L. Sochia, Austin, for appellant.

Shari K. Lamb, Addison, for appellee.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

WORTHEN, Justice.

The Estate of Joel Horton, Sr. ("the Estate") brought a civil action against The Texas Parks and Wildlife Department ("Department") for compensation for damages that it sustained when Joel Horton, Sr. ("Horton") drowned while wading in the lake at Tyler State Park. The Department appeals the trial court's denial of its Motion to Dismiss for Lack of Jurisdiction based upon sovereign immunity. We will reverse and render judgment for the Department.

In both their First and Second Amended Petitions, the Estate alleged that Horton's drowning death occurred because he stepped off a ten-foot ledge or drop-off on the floor of the lake at Tyler State Park. However, it also contended that the Department was guilty of negligence "in the use of the steps located adjacent to the water's edge to lead and lure Plaintiffs into the water." We note, however, that the Texas Tort Claims act "does not apply to a claim based on the theory of attractive nuisance," which this particular allegation seems to assert. TEX. CIV.PRAC.& REM.CODE ANN.§ 101.059 (Vernon 1997). The Estate is not maintaining that the steps themselves were the cause of Horton's drowning death.[1] Rather, it is clear from the Estate's allegations that Horton drowned because he dropped off a ledge while already in the water. It is uncontroverted that this ledge or drop-off was a defect of the lake.

■■■ A claim which relates to a "defect" in the condition of real property is a premises defect claim. *Hawley v. State Dep't of Highways and Public Transportation*, 830 S.W.2d 278, 280–81 (Tex.App.—Amarillo 1992). Once a claim is determined to be a premise defect, the claimant is limited to the provisions delineated by the section on premises defects and may not assert a general negligence theory. *Id.* at 280. A plaintiff injured by a premises defect on governmental property is limited to asserting a premises liability claim as provided by the Texas Tort Claims Act. *State v. Tennison*, 509 S.W.2d 560, 561 (Tex.1974).

■■ The act or omission which gives rise to a premises liability claim is the actual construction of the premises. *The Univ. of Texas—Pan American v. Valdez*, 869 S.W.2d 446, 448 (Tex.App.—Corpus Christi, 1993, writ denied). And the Texas Tort Claims Act provides that it does not waive immunity for claims based on an act or omission that occurred before January 1, 1970. TEX. CIV. PRAC. & REM.CODE ANN. § 101.061 (Vernon 1997); *Maxwell v. Texas Dept. of Transportation*, 880 S.W.2d 461, 465 (Tex.App.—Austin 1994, writ denied). Consequently, § 101.061 would operate to bar such a claim. *Cranford v.*

---

**1.** Even if the Estate was making this contention, it would fail to state a cause of action under the Act since "[p]roperty does not cause injury if it does no more than furnish the condition that makes the injury possible." *Dallas County Mental Health and Mental Retardation v. Bossley, et al.*, 968 S.W.2d 339, 343 (1998).

*City of Pasadena,* 917 S.W.2d 484, 488 (Tex.App.—Houston [14th Dist.] 1996, no writ).

If, in its Motion to Dismiss for Lack of Jurisdiction, the Department offered undisputed proof that the lake was completed before 1970 and has remained in the same condition since that time, then, as a matter of law, the Department is entitled to immunity under § 101.061. *Maxwell,* 880 S.W.2d at 465. This is true even if the Department failed to add warnings, signs or barriers to protect swimmers from the dangerous condition. Failure to modify or warn did not constitute a new act or omission occurring after 1970. *See City of Fort Worth v. Adams,* 888 S.W.2d 607, 613–14 (Tex.App.—Fort Worth 1994, writ denied), *cert. denied,* 516 U.S. 992, 116 S.Ct. 525, 133 L.Ed.2d 432 (1995); *Tarrant County Water Control and Improvement District No. 1 v. Crossland,* 781 S.W.2d 427, 432 (Tex.App.—Fort Worth 1989, writ denied), *overruled on other grounds, City of Dallas v. Mitchell,* 870 S.W.2d 21, 23 (Tex.1994).

In the instant case, the Department attached to its Motion the sworn affidavit of Stephen Powell. Powell, who had been employed as a Conservation Outdoor Recreation Specialist at Tyler State Park for fifteen years, testified that he had personal knowledge that Lake Tyler is a man-made lake which was created when the Civilian Conservation Corps dammed a tributary of the Sabine River. He further averred that the lake was completed in 1937 and that the Department has not altered the lake since that time.

We hold that the trial court erred when it denied the Department's Motion to Dismiss for Lack of Jurisdiction since it is undisputed that the lake was completed before January 1, 1970, thus rendering the Department immune for the acts or omissions which caused Horton's death. Accordingly, we *reverse* and *render* judgment for the Department.