Reversed and Remanded and Memorandum Opinion filed December 2, 2004









Reversed and Remanded and Memorandum Opinion filed
December 2, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01135-CV

 

____________

 

ROSIE RISTON, Appellant

 

V.

 

THE CITY
OF HOUSTON, Appellee

__________________________________________________

 

On Appeal from the 113th
District Court

Harris County, Texas

Trial Court Cause No.
02-47694

__________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant Rosie Riston challenges
the trial court=s order
granting the City of Houston=s plea
to the jurisdiction on the ground that, contrary to the trial court=s ruling,
she properly invoked the trial court=s subject
matter jurisdiction under the Texas Tort Claims Act[1]
(the AAct@).  We reverse and remand.








I.  Factual and Procedural Background

Riston, a Continental Airlines employee, alleges she was injured when
she was struck by the doors of a freight elevator located in Terminal AC@ of Bush
Intercontinental Airport.  She brought a
negligence suit against the City of Houston in which she alleged the City=s
sovereign immunity was waived under the Act.

In
October 2002, the City filed (1) an answer generally denying Riston=s
allegations and (2) special exceptions to her third amended petition.  In her fourth amended petition, filed in
February 2003, in paragraphs 14 through 20, Riston alleged the following: 

(1)       the City negligently operated its
motor-driven elevator; 

(2)       the City owed a duty to Riston to
exercise ordinary care in its ownership, possession, maintenance, use and
operation of its elevator; 

(3)       the City maintained the elevator; and 

(4)       the City, acting through its agents,
servants and employees, failed to use that degree of care which an
elevator-maintainer, owner, or operator of ordinary prudence would have used
under the same or similar circumstances by failing to: 

(a)       maintain and inspect the elevator to
prevent injuries from the operation of elevators; 

(b)       inspect, maintain, and/or repair the
elevator in a timely and prudent manner; 

(c)       warn Riston of the dangerous operation of
the elevator; and 

(d)       train the City=s employees to properly
operate the elevator.  

 








Riston further alleged that the City=s acts, errors,
and omissions in (4), above, and those of its agents, servants, and employees
constituted negligence and that at all relevant times, the agents, servants,
and employees were acting in the course and scope of their employment with the
City.  Additionally, Riston pleaded that
(1) her personal injury claim arose from the operation or use of a motor-driven
vehicle or motor-driven equipment; (2) the employees responsible for such
operation were personally liable to her according to Texas law; and (3) the City
was liable to her under sections 101.021(1) and (2) of the Texas Civil Practice
and Remedies Code.  Riston alleged that,
as she was getting on the freight elevator, the solid door, driven by a motor,
came down suddenly and unexpectedly, striking her on the head and shoulders. 

In April 2003, the City filed its
first plea to the jurisdiction, alleging (1) Riston had not and would not be
able to plead facts to establish compliance with the notice[2]
requirements of the Act[3];
and (2) Riston had no basis upon which to assert the City was on actual notice
of her claim.  The City attached to its
plea (1) the ALiability Accident Notice@ from
Houston Airport System; (2) the ATreatment
Form@
(Continental); and (3) the AEmployer=s First
Report of Injury of Illness@ (Worker=s
Compensation).








Riston filed her fifth amended petition in April 2003, in
which she additionally alleged the City received written notice within ninety
days of the alleged incident in accordance with sections 101.101(a) and (b) of
the Act and, in the alternative, the City had actual notice under section
101.101(c) of the Act.  In this petition,
Riston also alleged, for the first time, a violation of Title 42, section 1983
of the United States Code.  A few days
later, Riston filed her response to the City=s plea to
the jurisdiction in which she asserted that she had pleaded sufficient
jurisdictional facts in paragraphs 14 through 20 of her fifth amended petition
and that her pleadings must be taken as true without regard to their
merits.  She also asserted that she had
properly pleaded notice.

In August 2003, the City re-filed
its plea to the jurisdiction.[4]  The trial court sustained this plea on
September 11, 2003, and dismissed Riston=s case
for lack of subject-matter jurisdiction, without specifying the basis for the
ruling.

                                              II.  Plea to the Jurisdiction








The burden is on the plaintiff to plead facts that
affirmatively demonstrate subject-matter jurisdiction.  Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  A trial court must grant a plea to the
jurisdiction, after providing an appropriate opportunity to amend, when the
pleadings do not state a claim upon which the trial court has subject-matter
jurisdiction.  Harris County v. Sykes,
136 S.W.3d 635, 638 (Tex. 2004). 
However, when a plaintiff fails to plead facts that establish
jurisdiction, but the petition does not affirmatively demonstrate incurable
defects in jurisdiction, the issue is one of pleading sufficiency and the
plaintiff should be afforded the opportunity to amend.  Tex. Dep=t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226B27 (Tex.
2004); County of Cameron v. Brown, 80 S.W.3d 549, 558B59 (Tex.
2002).[5]  Whether a pleader has alleged facts that
affirmatively demonstrate a trial court=s subject
matter jurisdiction is a question of law that we review de novo.  Id. at 226.

Notice

The City=s plea to
the jurisdiction asserted that the trial court was without jurisdiction solely
because of Riston=s failure
to comply with the Act=s notice
requirements.  The Texas Supreme Court
recently held that a plaintiff=s failure
to comply with the Act=s notice
requirements does not deprive a trial court of subject-matter
jurisdiction.  Univ. of Tex. Southwestern
Med. Ctr. v. Loutzenhiser, 140 S.W.3d 351, 358B65 (Tex.
2004).  Accordingly, we conclude the
trial court erred to the extent it sustained the City=s plea
based on Riston=s failure
to satisfy the Act=s notice
requirements.  See id.

Premises Defect

Riston alleged that (1) as she
was getting on the freight elevator, the solid door, driven by a motor, came
down suddenly and unexpectedly, striking her on the head and shoulders; (2) as
a result of the accident, she sustained physical injuries and pain and
suffering; and (3) the City was liable to her pursuant to sections 101.021(1)
and (2) of the Act.  A claim that an
injury was caused by the condition of an elevator is one based on premises
defect.  See University of Texas
Medical Branch at Galveston v. Davidson, 882 S.W.2d 83, 84B86 (Tex.
App.CHouston
[14th Dist.] 1994, no writ).  Thus, we
look to the Act to determine if sovereign immunity is waived in a premises
defect case.








The Act expressly waives
sovereign immunity in three areas: A>use of
publicly owned automobiles, premises defects, and injuries arising out of
conditions or use of property.=@  Brown, 80 S.W.3d at 554; see
also Tex. Civ. Prac. & Rem Code '' 101.021,[6]
101.022.[7]  The Texas Supreme Court recently reiterated
that the Act=s scheme of a limited waiver of
immunity from suit does not allow plaintiffs to circumvent the heightened
standards of a premises defect claim contained in section 101.022 by re‑casting
the same acts as a claim relating to the negligent condition or use of tangible
or real property.  See Miranda,
133 S.W.3d at 233.  In Miranda,
the Texas Supreme Court relied on State v. Estate of Horton,[8]
which noted, Aonce a claim is determined to be
a premises defect, the claimant is limited to the provisions delineated by the
section on premises defects and may not assert a general negligence theory.@  Estate of Horton, 4 S.W.3d at 54.  Whether a condition is a premises defect is a
question of law.  Texas Dep=t of
Transp. v. Ramirez, 74 S.W.3d 864, 866 (Tex. 2002). 








If a claim arises from a premises
defect, the governmental unit owes to the claimant only the duty that a private
person owes to a licensee on private property, unless the claimant pays for the
use of the property.  Tex. Civ. Prac. & Rem Code '101.022(a).  A property possessor must not injure a
licensee by willful, wanton, or grossly negligent conduct and must use ordinary
care either to warn a licensee of a condition that presents an unreasonable
risk of harm of which the possessor is actually aware and the licensee is not,
or to make the condition reasonably safe. 
Brown, 80 S.W.3d at 554.

Riston alleged that the City
failed to warn her of the dangerous operation of the elevator.  However, her pleadings did not allege that
the City injured her willfully or wantonly, or that the City was grossly
negligent.  Furthermore, Riston did not
allege either that the City was aware of, or that she was unaware of, any
unreasonable risk of harm.  To establish
liability for a premises defect, a licensee must prove that she did not have
actual knowledge of the condition.  See
id. at 558.  Riston did not do
so.  Further, Riston did not allege that
she paid for the use of the property.  See
Tex. Civ. Prac. & Rem Code '101.022(a).  

In Brown, the Texas
Supreme Court held that the plaintiffs= failure
to plead that they did not actually know of the dangerous condition was a
pleading defect and allowed them an opportunity to amend.  Id. at 559.  We conclude that Riston=s
pleadings do not affirmatively demonstrate a lack of subject-matter
jurisdiction and that Riston should be afforded an opportunity to amend her
petition to plead sufficient facts showing subject-matter jurisdiction.  See Brown, 80 S.W.3d at 558B59.  Accordingly, we sustain Riston=s second
issue to this extent.

Section 1983








In her fifth amended petition,
Riston alleges the City violated 42 U.S.C. ' 1983[9]
by pursuing a policy of filing pleas to the jurisdiction.  In her fourth issue on appeal, Riston claims
the trial court ignored her section 1983 claim. 
However, the trial court granted the City=s plea to
the jurisdiction and dismissed all of Riston=s claims
for lack of jurisdiction.  Therefore, the
trial court did not ignore any alleged section 1983 claim.  Riston provides neither argument nor
authorities to support a reversal of the trial court=s
judgment in this regard.  Nevertheless,
construing Riston=s
petition liberally, we cannot say her pleadings affirmatively negate
jurisdiction.  Accordingly, Riston should
be afforded an opportunity on remand to amend her petition to plead sufficient
facts showing subject-matter jurisdiction regarding any alleged claim under 42
U.S.C. ' 1983.  See Brown, 80 S.W.3d at 558B59.  

                                                            III.
 Conclusion

The trial court erred to the
extent it found a lack of subject-matter jurisdiction based on the City=s notice
arguments.  Because we cannot say that
Riston=s
pleadings affirmatively negate subject-matter jurisdiction, we conclude that
Riston should be afforded an opportunity on remand to amend her petition to
plead sufficient facts showing subject-matter jurisdiction. Accordingly, we
sustain Riston=s second issue to this extent,
reverse the trial court=s
judgment, and remand for further proceedings consistent with this opinion. 

 

/s/        Kem Thompson Frost

Justice

 

Judgment
rendered and Memorandum Opinion filed December 2, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.

 

 











[1]  See Tex. Civ. Prac. & Rem Code ' 101.001 et seq.





[2]  Section
101.101 of the Texas Civil Practice and Remedies Code provides:

 

(a)        A governmental unit is entitled to receive notice of a claim
against it under this chapter not later than six months after the day that the
incident giving rise to the claim occurred. 
The notice must reasonably describe:

(1)        the damage or injury claimed; 

(2)        the time and place of the incident; and 

(3)        the incident.

(b)        A city=s charter and ordinance provisions requiring notice
within a charter period permitted by law are ratified and approved.

(c)        The notice requirements provided or ratified and approved by
Subsections (a) and (b) do not apply if the governmental unit has actual notice
that death has occurred, that the claimant has received some injury, or that
the claimant=s property has been damaged.

 

Tex. Civ. Prac. & Rem
Code ' 101.101 (Vernon 1997).





[3]  Page 3 is
missing from the first plea to the jurisdiction in both the clerk=s record and the appendix to Riston=s brief; however, the City=s first and second pleas to the jurisdiction seem to
be identical, and the third page is included in the second plea.





[4]  In her first
issue, Riston argues that the City=s plea
to the jurisdiction became moot after she filed her fifth amended petition on
April 16, 2003.  However, the City filed another
plea to the jurisdiction after Riston filed her fifth amended petition.  Riston=s main
contention under her first issue seems to be that, because the City=s last plea to the jurisdiction contains a reference
to her fourth amended petition, this plea is ineffective because her fourth
amended petition was no longer in effect. 
Despite this reference in the City=s last
plea to the jurisdiction, we conclude the City=s plea
sufficiently challenged the trial court=s
subject-matter jurisdiction. 
Accordingly, we overrule Riston=s first
issue.





[5]  In Miranda,
the Texas Supreme Court also delineated a standard to review an order on a plea
to the jurisdiction wherein the defendant challenges the existence of
jurisdictional facts by means of evidence. 
See Miranda, 133 S.W.3d at 227.  In that event, the trial court considers
relevant evidence submitted by the parties when necessary to resolve the
jurisdictional issues raised.  Id.  Thereafter, if the evidence creates a fact
question regarding the jurisdictional issue, then the trial court cannot grant
the plea to the jurisdiction, and the fact issue will be resolved by the fact
finder.  Id. at 227B28.  However, if
the relevant evidence is undisputed or fails to raise a fact question on the
jurisdictional issue, the trial court rules on the plea to the jurisdiction as
a matter of law.  Id. at 228.  Because the City=s plea to the jurisdiction did not raise a fact
question regarding any jurisdictional issue, we review the trial court=s ruling de novo.





[6]  Section
101.021 of the Act provides that a governmental unit in the state is liable
for: 

 

(1)        property damage, personal injury, and death proximately
caused by the wrongful act or omission or the negligence of an employee acting
within his scope of employment if: (A) the property damage, personal injury, or
death arises from the operation or use of a motor‑driven vehicle or motor‑driven
equipment; and (B) the employee would be personally liable to the claimant
according to Texas law; and

(2)        personal
injury and death so caused by a condition or use of tangible personal or real
property if the governmental unit would, were it a private person, be liable to
the claimant according to Texas law. 





[7]  Section
101.021 of the Act provides that Aif a
claim arises from a premise defect, the governmental unit owes to the claimant
only the duty that a private person owes to a licensee on private property,
unless the claimant pays for the use of the premises.@





[8]  4 S.W.3d 53,
54 (Tex. App.CTyler 1999, no pet.)





[9]  This statute
provides that A[e]very person who, under color of any statute,
ordinance, regulation, custom, or usage, of any State or Territory or the
District of Columbia, subjects, or causes to be subjected, any citizen of the
United States or other person within the jurisdiction thereof to the
deprivation of any rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party injured in an action at
law, suit in equity, or other proper proceeding for redress, except that in any
action brought against a judicial officer for an act or omission taken in such
officer=s judicial capacity, injunctive relief shall not be
granted unless a declaratory decree was violated or declaratory relief was
unavailable.  For the purposes of this
section, any Act of Congress applicable exclusively to the District of Columbia
shall be considered to be a statute of the District of Columbia.@  42 U.S.C. '1983.