**CITY OF SAN ANTONIO, Appellant,**

v.

**Mario PARRA, Appellee.**

**No. 04–05–00429–CV.**

Court of Appeals of Texas, San Antonio.

Nov. 16, 2005.

Ellen B. Mitchell, Cox Smith Matthews Incorporated, William P. Durland, Asst. City Atty. (Litigation Division), San Antonio, for appellant.

Christa Samaniego, Law Office of Christa Samaniego, San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by ALMA L. LÓPEZ, Chief Justice.

The City of San Antonio appeals the trial court's order denying its motion to dismiss the negligence claims asserted by Mario Parra. The City asserts that it is immune from Parra's negligence claims under the doctrine of sovereign immunity.[1]

---

1. Parra also asserted a premises liability claim. The trial court granted a summary

We reverse the trial court's order and dismiss Parra's claims against the City for personal injury caused by the use or condition of tangible personal property, negligent supervision and implementation of policy, and general negligence.

## BACKGROUND

Mario Parra injured his leg when he stepped into an open manhole. The nature of his injuries eventually led to the amputation of his leg. Parra sued the City asserting premises liability and negligence claims. The City filed a motion for summary judgment as to the premises liability claim and a motion to dismiss as to the negligence claims. The trial court granted the motion for summary judgment and denied the motion to dismiss.

## STANDARD OF REVIEW AND BURDEN OF PROOF

█ Sovereign immunity from suit defeats a trial court's subject matter jurisdiction. *Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Whether a court has subject matter jurisdiction is a question of law. *Id.* at 226. If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Id.* at 227. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. *Id.* at 227–28. However, if the relevant issue is undisputed or fails to raise a fact question, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.*

█ After the governmental entity asserts and supports with evidence that the trial court lacks subject matter jurisdiction, the plaintiffs are required, when the facts underlying the merits and subject matter jurisdiction are intertwined, to show that there is a disputed material fact regarding the jurisdictional issue. *Id.* In reviewing a trial court's ruling, we take as true all evidence favorable to the nonmovant. *Id.* We also indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.*

## RECASTING OF CLAIM

█ In *Texas Dept. of Parks & Wildlife v. Miranda*, the Texas Supreme Court refused to permit a plaintiff to "circumvent the heightened standards of a premises defect claim contained in section 101.022 by recasting the same acts as a claim relating to the negligent condition or use of tangible personal property." 133 S.W.3d at 233. Once a claim is determined to be a premises defect, the claimant is limited to the provisions delineated by the section on premises defects and may not assert a general negligence theory. *Id.* (citing *State v. Estate of Horton*, 4 S.W.3d 53, 54 (Tex.App.-Tyler 1999, no pet.)).

█ Whether a condition is a premises defect is a legal question. *Tex. Dept. of Transp. v. Ramirez*, 74 S.W.3d 864, 866 (Tex.2002). A claim which relates to a defect in the condition of real property is a premises defect claim. *State v. Estate of Horton*, 4 S.W.3d at 54. Real property includes land and generally whatever is erected or growing upon or affixed to land. *Miranda*, 133 S.W.3d at 229–230. Typically, cases analyzing injuries relating to holes in the land, including injuries caused by an open manhole, uncovered storm sewer and defective drainage lid box, arise in the context of whether the defect is a premises defect or a special defect, both of which relate to a premises liability claim.

judgment in favor of the City as to the premises liability claim.

*See, e.g., City of McAllen v. Hernandez,* No. 13–04–182–CV, 2005 WL 2000818, at * 6–8 (Tex.App.-Corpus Christi Aug.22, 2005, no pet. h.) (shop-made lid resembling manhole cover did not constitute a special defect); *City of El Paso v. Chacon,* 148 S.W.3d 417, 422–425 (Tex.App.-El Paso 2004, pet. denied) (hole created by removal of utility pole or traffic control device in area of sidewalk pedestrians normally walk constituted a special defect); *Purvis v. City of Dallas,* No. 05–00–01062–CV, 2001 WL 717839, at *2–4 (Tex.App.-Dallas June 27, 2001, no pet.) (open manhole cover constituted premises defect not special defect); *Bueno v. City of San Antonio,* No. 04–00–00597–CV, 2001 WL 328553, at *1 (Tex.App.-San Antonio Apr.4, 2001, no pet.) (analyzing premises liability claim arising from jogger falling into open manhole); *Harris County v. Smoker,* 934 S.W.2d 714, 719 (Tex.App.-Houston [1st Dist.] 1996, writ denied) (uncovered storm sewer located in roadway where pedestrians normally walk constituted a special defect).

Parra contends that because the manhole cover is tangible personal property that is removable from the real property, he has a viable negligence claim in addition to his premises liability claim. We disagree. In *Clayton W. Williams, Jr., Inc. v. Olivo,* 952 S.W.2d 523, 526–27 (Tex. 1997), Olivo sued for injuries sustained when he slipped and fell on his back on one of several drill pipe thread protectors that had been left on the ground during the previous shift. The thread protectors were even more "removable" from the real property than the manhole cover in this case. The Texas Supreme Court held that the claim was for a premises defect not a negligent activity "because Olivo allege[d] that he was injured by thread protectors previously left on the ground, not as a contemporaneous result of someone's negligence." *Id.* at 527. The same reasoning applies in this case, and *Miranda* precludes Parra from recasting his claim as one involving the condition or use of tangible personal property. *Miranda,* 133 S.W.3d at 233.

Because Parra cannot establish an independent waiver of sovereign immunity under the Texas Tort Claims Act, he cannot advance his negligent supervision and negligent implementation of policy theories. *City of Laredo v. New Yorkers Apparel, Inc.,* No. 04–04–00887–CV, 2005 WL 1458248, at *4 (Tex.App.-San Antonio June 22, 2005, no pet.); *City of Garland v. Rivera,* 146 S.W.3d 334, 338 (Tex.App.-Dallas 2004, no pet.); *Guadalupe–Blanco River Auth. v. Pitonyak,* 84 S.W.3d 326, 342 (Tex.App.-Corpus Christi 2002, no pet.). Furthermore, Parra's general claim that the City negligently failed to cover the storm sewer fails to allege facts to demonstrate how immunity is waived under any of the three applicable areas for which immunity is waived under the Act. *See Miranda,* 133 S.W.3d at 224–26.

CONCLUSION

The trial court's order is reversed, and Parra's claims against the City for personal injury caused by the use or condition of tangible personal property, negligent supervision and implementation of policy, and general negligence are dismissed for lack of jurisdiction.